ity, as husband, for the debt of his wife, and the property acquired by him in right of the marriage.

It was decided in Mitchinson v. Hewson, 7 Term R. 348, and in the case of Rann v. Hughes, there cited, that the promise can only be coextensive with the consideration. During the coverture, the husband was bound to pay, whether he received property with his wife, or not; and his promise made during the coverture, did not increase his obligation, or create a new contract, unless it were made upon a new consideration, other than his previous obligation as husband, and his acquisition of the property of his wife, in right of the marriage. See Heard v. Stamford, 3 P. Wms. 411.

The court is, therefore, of opinion that the plaintiff cannot recover in this action, and that judgment of nonsuit must be entered.

---

CALLAN (MAGEE v.). See Case No. 8,942.

---

## Case No. 2,320.

### CALLENDER'S TRIAL.

[The case reported under above title in Whart. St. Tr. 688, is the same as Case No. 14,709.]

---

## Case No. 2,321.

### CALLENDER et al. v. UNITED STATES.

[Hempst. 334.] [1]

District Court, D. Arkansas. Sept. 8, 1846.

JURISDICTION—CONFIRMATION OF LAND GRANT.

Petition to confirm a grant lying mostly in another state dismissed, for want of jurisdiction.

Petition [by Ann M. Callender and others] to confirm a Spanish grant under the act of 1824 (4 Stat. 52).

S. Janin and S. L. Johnson, for petitioners.
S. H. Hempstead, Dist. Atty., for the United States.

JOHNSON, District Judge, held, that as this petition was to confirm the grant to the Baron de Bastrop, lying principally, as it appeared from the record, in the state of Louisiana, the court there was the proper tribunal to entertain jurisdiction over the claim, and that this court should not do so; and that the objection to the jurisdiction of this court urged by the district attorney was well taken, and that the petition ought to be dismissed. Petition dismissed.

NOTE [from original report]. History of the Claim. The petitioners claimed under the Baron de Bastrop, to whom it was represented that the Baron de Carondelet, on the 20th June, 1797, had granted twelve leagues square, or more than a million of arpens of land, and situated, according to the figurative plan of Don Carlos Trudeau, royal surveyor, in the port of

[1] [Reported by Samuel H. Hempstead, Esq.]

Ouchita, eighty leagues above the mouth of that river, adjoining on the part of the southwest the eastern shore of the river and bayous Ouchita, Bartholomew, and Siard, and giving a further description. The grant is principally situated in Louisiana, the smaller portion being situated in Chicot county, Arkansas, on the bayou Bartholomew. The history of the claim, will be found in full in the case of U. S. v. Philadelphia & New Orleans, 11 How. [52 U. S.] 610, in the supreme court, on appeal from the district court of Louisiana, which was argued by Mr. Crittenden, attorney-general, for appellants, and Mr. Strawbridge, Mr. Soulé, and Mr. Sergeant, for the appellees. The supreme court, by Judges Taney, Catron, Daniel, Nelson, and Woodbury, decided the claim to be invalid, and rejected the same; Judges McLean, Wayne, McKinley, and Grier, dissenting. Ann M. Callender et al. brought their petition in the district court of Louisiana for the confirmation of the de Bastrop grant, which was declared invalid by the supreme court. 11 How. [52 U. S.] 662.

---

CALLENDER (UNITED STATES v.). See Case No. 14,709.

---

## Case No. 2,322.

### CALLER et al. v. McNABB et al.

[1 N. J. Law J. 184.]

Circuit Court.[1] May 22, 1878.

VOLUNTARY CONVEYANCE BY HUSBAND TO WIFE.

The transfer of property without consideration by a debtor on the eve of contracting new debts, though without actual fraud, is fraudulent in point of law, and is void as to creditors, and the conveyance must be set aside.

This is a creditor's bill to set aside as fraudulent a transfer of real estate from the debtor to his wife. George McNabb made a conveyance of the land in question to his mother-in-law in 1874, who immediately conveyed the same to the wife of McNabb. The deeds purport to have been for $1,500 consideration, but it is admitted the transfer was voluntary, in order to vest the legal title of the property in the wife of the defendant. Contemporaneously with this conveyance George McNabb entered into a partnership with one Anne Sullivan, for the manufacture and sale of sash, blinds, and doors.

NIXON, District Judge. The facts in the case are not numerous, and there is little controversy respecting them. The defendant McNabb is frank in avowing his intentions in making the conveyance. He says: "Mrs. McNabb paid no consideration; the transfer was simply to put the property in her name, that a house could be built on it, and make a home." The purpose was laudable under some circumstances, but the complainants allege that he attempted to accomplish the object at their expense. His motive may not have been fraudulent, but on the eve of contracting new debts, and incurring large liabilities, he withdrew from his creditors all his real estate, and most of his personal property, and paced it under the

[1] [District not given.]

control of his wife, or left them to take the hazard of losses in the business in which he was about to engage. The transaction is attended with the badge of fraud discussed by Chief Justice Marshall in the leading case of Sexton v. Wheaton, 8 Wheat. [1 U. S.] 250, and the transfer is clearly fraudulent and void upon the principles on which the case was decided. The property conveyed constituted the bulk of the grantor's estate. He was largely indebted at the time according to his schedules subsequently filed in bankruptcy. The transfer took place just as he was starting in a new business enterprise, into which he was embarking without capital, and which, he says, he proposed to conduct on credit. His failure occurred as soon as his creditors became tired of extending and renewing his notes, which the partnership gave for their purposes. The supreme court in Parish v. Murphree, 13 How. [54 U. S.] 93, and in Seitz v. Mitchell, 94 U. S. 580, refused to sustain conveyances made under circumstances quite as favorable to the defendants as the one under consideration. In the first recited case the court said that "when a voluntary conveyance is made by an individual free from debt, with a purpose of committing a fraud on future creditors, it is void under the statute of frauds. And if a settlement be made without any fraudulent intent, yet if the amount thus conveyed impaired the means of the grantor, so as to hinder and delay his creditors it is as to them void." And in Seitz v. Mitchell, Mr. Justice Strong remarked that, "purchases of either real estate or personal property made by the wife of an insolvent debtor during coverture are justly regarded with suspicion, unless it clearly appears that the consideration was paid out of her separate estate, such is the community of interest between husband and wife: such purchases are often a cover for a debtor's property, are so frequently resorted to for the purpose of withdrawing the property from the reach of the creditors, and preserving it for his own use, and they hold forth such temptations for fraud that they require close scrutiny. In a contest between the creditors of the husband and the wife, there is, there should be, a presumption against her which she must overcome by affirmative proof." There was no such proof in this case. Let a decree be entered in favor of the complainants.